IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 1 2 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk D Ahumada

| | | |
|---|---|---|
| GUILLERMINA ROJAS, ON BEHALF OF DECEASED SPOUSE, ESTEBAN ROJAS, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-05-121 |
| THE CITY OF BROWNSVILLE, THE BROWNSVILLE POLICE DEPARTMENT, AND UNIDENTIFIED JOHN DOES 1, 2, AND 3 | § § § § § | |
| Defendants. | § § | |

**OPINION & ORDER**

BE IT REMEMBERED that on May 12, 2006, the Court **DENIED** the parties'
Unopposed Joint Motion to Modify Scheduling Order and Memorandum in Support.
Dkt. No. 11.

I.    **Procedural Background**

Plaintiff filed a petition in state court on March 15, 2005, alleging that the
Defendants violated Esteban Rojas' constitutional rights, thereby causing his death.
Dkt. No. 1, Ex. 2 (Plaint. First Amended Petition).  The case was removed to this Court
on April 13, 2005.  Dkt. No. 1.  The parties filed their Joint Discovery/Case Management
Plan on May 26, 2005.  Dkt. No. 7.  Based on this plan, the Court issued a Scheduling
Order on June 15, 2005.  Dkt. No. 9.  Between June 15, 2005 and the filing of the
motion *sub judice*, the only docket entry that appears in the record is the entry re-setting
docket call from May 24, 2006 to May 30, 2006.  Dkt. No. 10.  The parties now request
that the Scheduling Order be modified, by postponing all of the deadlines by
approximately six months.  Dkt. No. 11 & Ex. B.

## II.    Standard for Modifying a Scheduling Order

Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure.  FED. R. CIV. P. 16.  "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution."  Chiropractic Alliance of N.J. v. Parisi, 164 F.R.D. 618, 621 (D.N.J. 1996).  Under Rule 16, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge."  FED. R. CIV. P. 16(b).

"The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines."  Alton Crain v. Texas Can!, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 2005 U.S. App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).  The moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline.

## III.    Analysis

The parties present several statements and arguments in an attempt to establish good cause for modifying the Scheduling Order in this case.  First, they state that "[t]here is good cause to modify the current scheduling order because both parties have diligently attempted to comply with the order but cannot reasonably meet the schedule."  Dkt. No. 11, at 2.  Second, they inform the Court that they stipulated to a later discovery deadline than the one set by the Scheduling Order.  Id.  Third, they assert that they attempted to arrange depositions of police officers but these depositions "had to be re-scheduled due to conflicts in counsel's schedules."  Id.  Fourth, the parties notify the Court that "[w]ritten discovery has commenced."  Id.  Finally, the plaintiffs aver that the "Defendants will not be prejudiced by the proposed modification of the scheduling order."  Id.

The Court concludes that the parties' first statement, that they have been diligent but are unable to meet the deadlines, is conclusory and fails to support their request.  The parties' bald assertion that they have been diligent, standing alone, cannot

establish good cause.

The parties' next representation, that they stipulated to a later discovery deadline than that ordered by the Court, also provides no support for their request. The Scheduling Order specifically states: "Counsel may agree to continue discovery beyond the deadline, but there will be no intervention by the court. *No continuance will be granted because of information acquired in post-deadline discovery*." Dkt. No. 9 (emphasis added). Thus, although the parties are free to agree to extend the discovery deadline, they do so at their own peril. *Id.* The Court will not extend the deadlines in this, or any, case based on the parties' agreement to extend the discovery deadline. *See Parisi*, 164 F.R.D. at 621; Wauchop v. Domino's Pizza, Inc., 143 F.R.D. 199, 202 (N.D. Ind. 1992).

The parties' argument regarding the taking of depositions and the need to re-schedule those depositions also provides no basis for finding good cause. This argument fails for two significant reasons. First, the parties provide no explanation for why they were not able to schedule and re-schedule the depositions prior to the discovery deadline.[1]  *See* DAG Enters. v. Exxon Mobil Corp., No. Civ.A. 00-182 (CKK), 2004 WL 3312154, *2 (D.D.C. Jan. 28, 2004); Hawthorne Land Co. v. Occidental Chem. Corp., No. Civ.A. 01-0881, 2003 WL 22384940, *1 (E.D. La. Oct. 10, 2003). The parties also fail to provide information regarding when the depositions were initially scheduled, what conflicts counsel had that caused them to be re-scheduled, or for when they are currently scheduled. Second, the parties' representation that good cause is established by their inability to depose the police officers due to "conflicts in counsel's schedules" is meritless. Dkt. No. 11, at 2. Busy schedules of counsel do not establish good cause for amending a scheduling order. Engberg v. Atchison, Topeka & Santa Fe Ry. Co., No. 92-1253-PFK, 1992 WL 403052, *2 (D. Kan. Dec. 15, 1992);

---

[1]In their Joint Discovery/Case Management Plan, the parties represented to the Court that they would begin noticing depositions in September 2005. Dkt. No. 7, at 3. The parties do not, however, explain in their current motion why they were unable to conduct these depositions before the discovery deadline, or at least prior to the deadline for submitting the joint pretrial order.

Fed. Deposit Ins. Corp. v. Cleveland, Civ. A. No. 91-3142, 1992 WL 193506, *1 (E.D. La. Aug. 3, 1992).

The parties' representation to the Court that they are acting diligently because they are currently pursuing written discovery is utterly devoid of merit. The discovery deadline passed almost six months ago. Dkt. No. 9. Written discovery should have been completed at that time. Thus, the fact that they are engaging in discovery at this time is irrelevant to the question of whether there is good cause for modifying the Scheduling Order.

The Plaintiff's final argument, that the Defendants will not be prejudiced if the Court grants the modification, also fails. Absence of prejudice to the non-moving party is not sufficient to establish good cause. *See Alton Crain*, 2005 U.S. Dist. LEXIS at *4; Jones v. J.C. Penney's Dep't Stores, Inc., 2005 U.S. Dist. LEXIS 17464, *4 (W.D.N.Y. 2005).

Furthermore, the timing at issue in this motion casts serious doubt on any claim of the parties that they have acted with diligence. Although the parties state that they stipulated to a later discovery deadline, the deadline set by the Court, December 15, 2005, expired almost six months ago. Dkt. No. 9. The dispositive motion deadline, January 15, 2006, which came and went with no filings by the parties, was almost five months ago. *Id.* The joint pretrial order was due on the day that the parties' motion was submitted, May 10, 2006, and the parties have failed to file it. *Id.* Finally, this motion was filed less than three weeks before the scheduled date for docket call and less than a month prior to jury selection. Dkt. Nos. 9, 10.

The parties have also failed to provide any explanation for the failure to move for an extension or modification of the Scheduling Order, to request any other action from the Court, or even to provide any status updates or notices to the Court at an earlier date. *See* Dkt. No. 11. Thus, the only reasonable conclusion which can be drawn from the record is that the parties have not been diligent in this case. *See Johnson*, 975 F.2d at 610; George v. Cox La. Telcom, L.L.C., No. Civ.A. 03-2215, 2004 WL 169809, *2 (E.D. La. Jan. 23, 2004); *Hawthorne Land Co.*, 2003 WL 22384940, at *1. Moreover, modifying the Scheduling Order at this time would create significant delays in

-4-

the court dates for this case. *See DAG Enters.*, 2004 WL 3312154, at *2.

**IV.    Conclusion**

Based on the foregoing, the Court **DENIES** the parties' Unopposed Joint Motion to Modify Scheduling Order and Memorandum in Support. Dkt. No. 11.

Furthermore, the Court **ORDERS** the parties to file their joint pretrial order by no later than 5:00 p.m. on Thursday, May 18, 2006.

Finally, the Court **ORDERS** the parties to show cause, at the final pretrial conference, why sanctions should not be imposed pursuant to Federal Rule of Civil Procedure 16(f).

DONE at Brownsville, Texas, this 12 day of May, 2006.

Hilda G. Tagle
United States District Judge

-5-